UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY L. PARKER,

    Petitioner,

-vs-                                              CASE NO. 8:16-cv-3483-T-02AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Parker, a Florida prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (hereinafter "petition") on December 19, 2016, in which he challenges convictions for two counts of lewd and lascivious molestation, and one count each of lewd and lascivious conduct and lewd and lascivious exhibition entered in 2011 in Polk County, Florida (Doc. 1). Respondent moves to dismiss the petition as time-barred (Docs. 8, 17), which Mr. Parker opposes (Doc. 13). Upon consideration, the petition will be dismissed as time-barred.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or

1

the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The parties agree that Mr. Parker's judgment of conviction became final on April 18, 2013, ninety (90) days after the appellate court affirmed his convictions on January 18, 2013 (Respondent's Ex. 4). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the AEDPA limitation period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired). The AEDPA limitation period therefore commenced on April 19, 2013, and three hundred forty-six (346) days of the period elapsed before it was tolled on March 31, 2014, when Mr. Parker filed his petition alleging ineffective assistance of appellate counsel (Respondent's Ex. 6). The limitation period remained tolled through May 30, 2014, the date on which the petition was denied (Respondent's Ex. 7). Nineteen (19) days later, the limitation period expired on June 18, 2014.

Mr. Parker argues that his federal habeas petition is not time-barred because he filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P., on December 31, 2013 (Respondent's Ex. 18). That motion was not "properly filed," however, because the state post-conviction court struck the motion, without prejudice, since Mr. Parker failed "to certify that [he] can understand English or that the Motion was translated to him" as required under Rule

3.850(n)(2), Fla.R.Crim.P. (Respondent's Ex. 19). Accordingly, that motion did not toll the AEDPA limitation period. *See Downing v. Florida*, 2017 U.S. Dist. LEXIS 181143, at *10 (N.D. Fla. Sep. 20, 2017) (Rule 3.850 motion dismissed for failing to meet certification requirements of Rule 3.850(n)(2) was not "properly filed" and therefore did not toll AEDPA limitation period). And although Mr. Parker subsequently filed a corrected Rule 3.850 motion on September 29, 2014 (Respondent's Ex. 8), that motion had no tolling effect because the AEDPA limitation period had already expired. *See Melson v. Allen*, 548 F.3d 993, 998 (11th Cir. 2008), *cert. granted, judgment vacated on other grounds*, 561 U.S. 1001 (2010).[1] Accordingly, the petition is untimely.

It is therefore **ORDERED** that:

1. Respondent's motion to dismiss (Docs. 8, 17) is **GRANTED**. The petition (Doc. 1) is **DISMISSED** as time-barred.

2. Because reasonable jurists could disagree with this Court's disposition of the case, a certificate of appealability is **GRANTED** on the issue of whether the petition was correctly dismissed as time-barred.[2]

---

1 In *Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1249 (11th Cir. 2017), Green's original state post-conviction Rule 3.850 motion was not properly filed because it did not include a proper oath under Florida law. His subsequently filed motion corrected the error, and the Eleventh Circuit determined that, under Florida law, the corrected motion related back to, and was deemed filed on, the date the original motion was filed. The Eleventh Circuit held that the limitation period for seeking federal habeas relief was tolled on the date the original motion was filed. *Green*, however, is distinguishable from Mr. Parker's case because in *Green* the corrected motion was filed *before* the AEDPA limitation period expired. Mr. Parker, on the other hand, filed his corrected motion *after* the AEDPA limitation period expired. Therefore, under *Melson*, Mr. Parker's federal petition is untimely because he "'may not attempt to resurrect a terminated statute of limitations by subsequently filing documents that purport to 'relate back' to previously submitted documents that were, in themselves, insufficient to toll the statute.'" *Id.*, 548 F.3d at 998 (quoting *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir.2004)).

2 Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

3. The **Clerk** shall close this case.

**DONE AND ORDERED** in Tampa, Florida on _January 24th_, 2020.

_____
WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to:
Jerry L. Parker, *pro se*
Counsel of Record

---

After reviewing the claims raised in the petition, the Court concludes that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").