## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JERRY L. PARKER,

     Petitioner,

-vs-                         CASE NO.   8:16-cv-3483-WFJ-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## <u>ORDER</u>

     Before the Court is Mr. Parker's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 1). The Secretary for the Florida Department of Corrections has responded (Dkt. 44), and Mr. Parker has replied (Dkt. 48). Upon careful consideration, the Petition is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

     Mr. Parker was charged by an Amended Information with one count of sexual battery on a person less than 12 years of age (Count One), three counts of lewd molestation (Counts Two, Three, and Four), one count of lewd conduct (Count Five), one count of lewd or lascivious exhibition (Count Six), and one count of promoting sexual performance of a child (Count Seven). Dkt. 42-1 at 2. The jury returned a verdict of guilty on a lesser charge of

---

[1] Unless otherwise indicated, for purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

battery as to Count One, guilty as charged on Counts Two, Three, Five, and Six, and not guilty on Counts Four and Seven. *Id.* at 490–92. Mr. Parker was sentenced to time served on Count One, 30 years in prison on Count Two, 38 years in prison on Count Three, 15 years in prison on Counts Five and Six, and life probation, all sentences to run concurrently. *Id.* at 494–504. The convictions and sentences were affirmed on appeal. *Id.* at 559.

Mr. Parker filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P., in which he alleged various claims, including ineffective assistance of trial counsel. *Id.* at 563–621. The motion was stricken with leave to amend. *Id.* at 625. Mr. Parker filed an amended motion, which he subsequently supplemented with an additional claim. *Id.* at 627–688. The state post-conviction court denied five claims and directed the State to respond to the remaining six claims. *Id.* at 690–693. After the State responded, *id.* at 769–789, the state post-conviction court issued a final order denying the amended motion, *id.* at 1019–21. The denial of the amended motion was affirmed on appeal. *Id.* at 1054.

Mr. Parker filed his federal habeas Petition, which asserts seven grounds for relief. Respondent moved to dismiss the petition as time-barred, Dkt. 8, which the Court granted, Dkt. 22. The Eleventh Circuit Court of Appeals vacated the order dismissing the petition as untimely and remanded to this Court to consider the merits of Mr. Parker's claims. Dkt. 37.

The Court directed Respondent to show cause why the petition should not be granted. Dkt 40. Respondent filed a response opposing the petition, Dkt. 44, to which Mr. Parker, through retained counsel, replied, Dkt. 48. Because the reply appeared to concede Grounds One through Six warranted no relief, the Court directed Mr. Parker to clarify whether he

2

would proceed solely on Ground Seven, Dkt. 51. Mr. Parker clarified he concedes Grounds One through Six warrant no relief, and he is proceeding solely on Ground Seven. Dkt. 52.

## II. GOVERNING LEGAL PRINCIPLES

Because Mr. Parker filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

3

holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835–36; 28 U.S.C. § 2254(e)(1).

4

B. Standard for Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.   *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689–90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d

5

384, 386 (11th Cir. 1994).

III. ANALYSIS

GROUND SEVEN: THE STATE COURT APPLIED STRICKLAND INCORRECTLY, TO THE FACTS OF PETITIONER'S CASE WHEN IT DENIED PETITIONER'S CLAIM THAT COUNSEL RENDERED   INADEQUATE LEGAL REPRESENTATION FOR FAILURE TO PRESERVE BY OBJECTION, THE STATE'S CLOSING ARGUMENTS OF BOLSTERING THE TESTIMONY AND CREDIBILITY OF THE STATE'S WITNESS. (Dkt. 1 at 27–33).[2]

Mr. Parker contends trial counsel was ineffective in possibly failing to preserve for appellate review his objections to three improper comments made during the prosecutor's closing argument. Dkt. 1 at 31–33; Dkt. 48 at 13–16. He argues that trial counsel's challenges to the improper comments were not preserved because, although counsel objected three times and moved for a mistrial once, counsel failed to state sufficiently specific grounds for his objections and move for a mistrial after each objection. *Id.* Mr. Parker nevertheless recognizes that the state appellate court's per curiam affirmance of his conviction on direct appeal leaves in question whether trial counsel actually failed to preserve the aforementioned objections. *Id.* at 32.

A similar claim was raised in state court as Ground Four of Mr. Parker's amended Rule 3.850 motion. Dkt. 42-1 at 648–654. There, Mr. Parker argued his challenge to the prosecutor's improper comments were not preserved for appeal because counsel's objections "might have been insufficient to preserve the claim[.]" *Id.* at 649. In denying the claim, the state post-conviction court stated:

---

2 Ground Seven is identified as "Ground Two(b)" in the petition. Dkt. 1 at 27.

In claim 4, the Defendant asserts that trial counsel provided ineffective assistance of counsel in failing to object to the State's bolstering during their closing argument and thus failing to preserve the issue for appeal. Although in his title to claim 4 the Defendant asserts that trial counsel failed to object to the State's bolstering during their closing argument, the Defendant then provides no instance in which trial counsel did not object to improper comments by the State. To the contrary, the Defendant indicates that trial counsel did object to various improper comments by the State and went so far as to ask for a mistrial that was denied by the trial judge. The Defendant concludes claim 4 by arguing that counsel's many objections "may have been insufficient to preserve the claim for his direct appeal."

In his claim, the Defendant provides no instance wherein trial counsel should have objected to comments by the State, but did not object. His claim is based completely on conjecture as to some action trial counsel should have taken, without any indication of what that action may have been. The Court finds that, as indicated in the Defendant's motion, trial counsel did object to improper comments by the State and asked for a mistrial based on those comments. In making his objections and asking for a mistrial trial counsel did preserve the issue for appeal. Additionally, trial counsel moved for a new trial based on the State's improper closing argument. (See Defendant's Motion for Post-Trial Relief, attached) Accordingly, claim 4 is **DENIED**.

*Id.* at 691. The appellate court affirmed the denial of the amended Rule 3.850 motion without a written opinion. *Id.* at 1054.

Given this, Mr. Parker is not entitled to federal habeas relief. "[A]lthough the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension, [federal courts] must defer to the state's construction of its own law when the validity of the claim that . . . counsel failed to raise turns on state law." *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (internal quotations and citation omitted). This is because "state courts are the final arbiters of state law, and federal habeas

courts should not second-guess them on such matters." *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997). Here, the state post-conviction court's ruling unquestionably depended upon an interpretation and application of Florida law concerning whether trial counsel's objections were sufficient to preserve the subject issues for appeal.[3]  The post-conviction court determined, as a matter of Florida state law, that trial counsel's objections were sufficient to do just that. As a result, the Court must defer to the post-conviction court's ruling, which ultimately determined that trial counsel was not deficient, and that Mr. Parker suffered no prejudice. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

The arguments made in Mr. Parker's reply do not change the Court's analysis. To begin with, the state post-conviction court did not misconstrue Mr. Parker's claim as effectively focusing on trial counsel's failure to object to improper comments rather than trial counsel's failure to preserve his objections for appeal. The post-conviction court addressed the notion that trial counsel may have failed to object because Mr. Parker labeled his claim "INEFECTIVE ASSISTANCE OF TRIAL COUNSEL, FOR FAILURE TO PRESERVE BY OBJECTION, THE STATE'S CLOSING ARGUMENT OF BOLSTERING THE CREDIBILITY OF THE STATES WITNESS, IN VIOLATION OF THE U.S. AND FLORIDA'S CONSTITUTIONS." Dkt. 42-1 at 648. Regardless, the post-conviction court

---

3  This is further evinced by Mr. Parker's own argument that "the state postconviction court appears to have failed to understand Florida law when it stated that trial counsel's objections were sufficient to preserve Parker's objections to the prosecutor's improper comments for appeal." Dkt. 48 at 19.

went on to explicitly address the preservation issue. And, in so doing, it found that "counsel did preserve the issue for appeal." *Id.* at 691.

Finally, the Court notes that post-conviction court's determination is supported by the facts and Florida law. As explained by the post-conviction court, trial counsel timely objected to the three comments with which Mr. Parker takes issue. *Id.* at 419, 426, 435–36. Trial counsel, moreover, moved for a mistrial immediately after he objected to the third contested comment and shortly before the conclusion of the prosecutor's closing argument. *Id.* at 435–37. Thus, under Florida law, Mr. Parker's challenge to the comments was apparently preserved for appellate review. *See Cole v. State*, 866 So. 2d 761, 763 (Fla. 1st DCA 2004) ("Generally, to preserve an issue for appeal based on improper argument, counsel is required to object and request a mistrial. For a defendant's motion for mistrial to be timely it must be made at least by the end of the prosecutor's closing argument." (citations omitted)). This is what the post-conviction court found, and the Court will not second-guess the post-conviction court's ruling based on conjecture surrounding the direct appeal per curiam affirmance of Mr. Parker's conviction. *See Hays v. State of Ala.*, 85 F.3d 1492, 1500 (11th Cir. 1996) ("Petitioner is due no relief on the grounds that Alabama has misinterpreted its own law"). Trial counsel was not deficient, and Mr. Parker suffered no prejudice.

Mr. Parker does not show that the state court's decision involved an unreasonable application of *Strickland* or was based on an unreasonable factual determination. Accordingly, Ground Seven warrants no relief.

It is therefore ORDERED that:

9

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk must enter judgment against Mr. Parker and close this case.

2. An application for a Certificate of Appealability (COA) may be granted only if Mr. Parker makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA is **DENIED**. And Mr. Parker may not proceed on appeal *in forma pauperis*.

ORDERED in Tampa, Florida on April 10, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to: Counsel of Record

10